HON. ROBERT S. LASNIK

1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

10

| | |
|---|---|
| UNITED COMMAND INTERNATIONAL, LTD., a UK Private Limited Company, | Civil Action No. 2:18-cv-00963 RSL |
| Plaintiff, | [PROPOSED] STIPULATED PROTECTIVE ORDER |
| v. | |
| MICROFUN INC.., a Washington corporation, and BEIJING MICROFUN CO. LTD., a corporation of the People's Republic of China, | |
| Defendants. | |

19   1.   PURPOSE AND LIMITATIONS

20      Discovery in this action is likely to involve production of confidential, proprietary, or

21   private information for which special protection may be warranted. Accordingly, the parties

22   hereby stipulate to and petition the court to enter the following Stipulated Protective Order.

23   The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer

24   blanket protection on all disclosures or responses to discovery, the protection it affords from

25   public disclosure and use extends only to the limited information or items that are entitled to

26   confidential treatment under the applicable legal principles, and it does not presumptively

27   entitle parties to file confidential information under seal.

28

[PROPOSED] STIPULATED PROTECTIVE ORDER - 1
Case No. 2:18-cv-00863 RSL

LEE & HAYES, P.C.
701 Pike Street, Suite 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

2.   DESIGNATED MATERIALS

2.1   Categories of Confidential Information. A party or non-party responding to a discovery request made pursuant to the Federal Rules of Civil Procedure (a "Producing Party") shall have the right to designate documents and information it produces as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order and materials designated as such will be referred to as "Designated Material" or "Designated Materials."

2.1.1   CONFIDENTIAL. "Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

a.   Documents that could disclose to competitors confidential information concerning the prices charged to potential customers, business plans and strategy of a Producing Party or of the person from whom the Producing Party obtained the document;

b.   Confidential internal documents relating to finances of a Producing Party or of the person from whom the Producing Party obtained the document, including internal financial reports and analyses;

c.   Agreements or documents containing confidential information of a Producing Party or of the person from whom the Producing Party obtained the document that could disclose to competitors confidential information concerning specific financial terms;

d.   Confidential internal documents of a Producing Party or of the person from whom the Producing Party obtained the document related to financial and sales data, peer group analyses and franchisee sales and performance comparison data; a party or non-parties' personal financial information; financial or personal information (including but not limited to, private personal information (PPI), social security numbers, driver's license numbers, bank and credit card numbers, tax information, disability information,

[PROPOSED] STIPULATED PROTECTIVE ORDER - 2
Case No. 2:18-cv-00863 RSL

LEE & HAYES, P.C.
701 Pike Street, Suite 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

and other intimate information not publicly available); information and documents that a party is legally or contractually required to keep confidential; documents and information that are in good faith believed to constitute or contain proprietary business information of a Producing Party or of the person from whom the Producing Party obtained the document.

2.1.2   HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. "Highly Confidential – Attorneys' Eyes Only" materials shall comprise the following documents and tangible things produced or otherwise exchanged, which are highly confidential to the proprietary and/or commercial rights of the Producing Party or of the person from whom the Producing Party obtained the document:

a.   Documents and information demonstrating marketing strategy, development, and/or research of a Producing Party or of the person from whom the Producing Party obtained the document;

b.   Documents and information demonstrating business methodology, processes, and procedures for commercializing products on behalf of customers (e.g., trade secrets) of a Producing Party or of the person from whom the Producing Party obtained the document;

c.   Internal financial information of a Producing Party or of the person from whom the Producing Party obtained the document, including but not limited to, revenues, expenses, profits and other details regarding financial performance.

2.2   SCOPE

The protections conferred by this agreement cover not only Designated Material (as defined above), but also (1) any information copied or extracted from Designated Material; (2) all copies, excerpts, summaries, or compilations of Designated Material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Designated Material.

[PROPOSED] STIPULATED PROTECTIVE ORDER - 3
Case No. 2:18-cv-00863 RSL

LEE & HAYES, P.C.
701 Pike Street, Suite 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

1      However, the protections conferred by this agreement do not cover information that is

2  in the public domain or becomes part of the public domain through trial or otherwise.

3    3.   ACCESS TO AND USE OF DESIGNATED MATERIAL

4      3.1   Basic Principles. A receiving party may use Designated Material that is

5  disclosed or produced by another party or by a non-party in connection with this case only for

6  prosecuting, defending, or attempting to settle this litigation. Designated Material may be

7  disclosed only to the categories of persons and under the conditions described in this

8  agreement. Designated Material must be stored and maintained by a receiving party at a

9  location and in a secure manner that ensures that access is limited to the persons authorized

10  under this agreement.

11     3.2   Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -

12  ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or

13  permitted in writing by the Producing Party, a receiving party may disclose any Designated

14  Material only to:

15      a.   the receiving party's outside counsel of record in this action, as well as

16    employees of such counsel to whom it is reasonably necessary to disclose the

17    information for this litigation;

18      b.   the officers, directors, and employees (including in house counsel) of

19    the receiving party to whom disclosure is reasonably necessary for this litigation, unless

20    the particular document or material has been designated "HIGHLY CONFIDENTIAL

21    - ATTORNEYS' EYES ONLY";

22      c.   experts and consultants to whom disclosure is reasonably necessary for

23    this litigation and who have signed the "Acknowledgment and Agreement to Be

24    Bound" (Exhibit A).  For purposes of Paragraph 3.2(c), an expert or consultant is a

25    person with specialized knowledge or experience in a matter pertinent to the litigation

26    who (1) has been retained by a party or its counsel to serve as an expert witness or as a

27    consultant in this action, (2) is not a past or current employee of a party or of a party's

28

[PROPOSED] STIPULATED PROTECTIVE ORDER - 4
Case No. 2:18-cv-00863 RSL

LEE & HAYES, P.C.
701 Pike Street, Suite 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

competitor, and (3) at the time of retention, is not anticipated to become an employee of a party or of a party's competitor;

      d.     the court, court personnel, and court reporters and their staff;

      e.     independent litigation support services, including persons working for or as court reporters, graphics or design services, services which assist counsel in jury selection, trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this action, provided that counsel for the party retaining the support service instructs the service not to disclose any Designated Material to third parties and to immediately return all originals and copies of any Designated Material;

      f.     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

      g.     any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the parties, and his or her staff.

      h.     For Designated Material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY," access to, and disclosure of, such material shall be limited to individuals listed in paragraphs 3.2(a) and (c-g).

      3.3    <u>Filing Designated Material</u>. Before filing Designated Material or discussing or referencing such material in court filings, the filing party shall confer with the Producing Party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the Producing Party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the Producing Party must identify the basis for sealing the specific Designated Material at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of

[PROPOSED] STIPULATED PROTECTIVE ORDER - 5
Case No. 2:18-cv-00863 RSL

LEE & HAYES, P.C.
701 Pike Street, Suite 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

1    its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not

2    the party filing the motion to seal. Failure to satisfy this requirement will result in the motion

3    to seal being denied, in accordance with the strong presumption of public access to the Court's

4    files.

5    4.    <u>DESIGNATING PROTECTED MATERIAL</u>

6         4.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each

7    party or non-party that designates information or items for protection under this agreement

8    must take care to limit any such designation to specific material that qualifies under the

9    appropriate standards. The Producing Party must designate for protection only those parts of

10   material, documents, items, or oral or written communications that qualify, so that other

11   portions of the material, documents, items, or communications for which protection is not

12   warranted are not swept unjustifiably within the ambit of this agreement.

13         Mass, indiscriminate, or routinized designations are prohibited. Designations that are

14   shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

15   unnecessarily encumber or delay the case development process or to impose unnecessary

16   expenses and burdens on other parties) expose the Producing Party to sanctions.

17         If it comes to a Producing Party's attention that information or items that it designated

18   for protection do not qualify for protection, the Producing Party must promptly notify all other

19   parties that it is withdrawing the mistaken designation.

20         4.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this

21   agreement (see, e.g., second paragraph of section 4.2(a) below), or as otherwise stipulated or

22   ordered, disclosure or discovery material that qualifies for protection under this agreement

23   must be clearly so designated before or when the material is disclosed or produced.

24         a.    <u>Information in documentary form</u>: (e.g., paper or electronic documents

25         and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial

26         proceedings), the Producing Party must affix the word "CONFIDENTIAL" or

27         "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that

28

~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER - 6
Case No. 2:18-cv-00863 RSL

LEE & HAYES, P.C.
701 Pike Street, Suite 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

contains such material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

      b.   <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. Prior to the expiration of the fifteen day period for designation, a deposition transcript shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Pages of transcribed deposition testimony or exhibits to depositions that reveal Designated Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement. If a party or non-party desires to protect Designated Material at trial, the issue should be addressed during the pre-trial conference.

      c.   <u>Other tangible items</u>: the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

    4.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Producing Party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

[PROPOSED] STIPULATED PROTECTIVE ORDER - 7
Case No. 2:18-cv-00863 RSL

LEE & HAYES, P.C.
701 Pike Street, Suite 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

1    5.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

2        5.1    Timing of Challenges. Any party or non-party may challenge a designation of

3    confidentiality at any time. Unless a prompt challenge to a Producing Party's confidentiality

4    designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

5    burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

6    challenge a confidentiality designation by electing not to mount a challenge promptly after the

7    original designation is disclosed.

8        5.2    Meet and Confer. The parties must make every attempt to resolve any dispute

9    regarding confidential designations without court involvement. Any motion regarding

10    confidential designations or for a protective order must include a certification, in the motion

11    or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer

12    conference with other affected parties in an effort to resolve the dispute without court action.

13    The certification must list the date, manner, and participants to the conference. A good faith

14    effort to confer requires a face-to-face meeting or a telephone conference.

15        5.3    Judicial Intervention. If the parties cannot resolve a challenge without court

16    intervention, the Producing Party may file and serve a motion to retain confidentiality under

17    Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden

18    of persuasion in any such motion shall be on the Producing Party. Frivolous challenges, and

19    those made for an improper purpose (e.g., to harass or impose unnecessary expenses and

20    burdens on other parties) may expose the challenging party to sanctions. All parties shall

21    continue to maintain the material in question as designated until the court rules on the

22    challenge.

23    6.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

24        OTHER LITIGATION

25        If a party is served with a subpoena or a court order issued in other litigation that

26    compels disclosure of any information or items designated in this action, that party must:

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER - 8
Case No. 2:18-cv-00863 RSL

LEE & HAYES, P.C.
701 Pike Street, Suite 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

1          (a) promptly notify the Producing Party in writing and include a copy of the

2  subpoena or court order;

3          (b) promptly notify in writing the party who caused the subpoena or order to

4  issue in the other litigation that some or all of the material covered by the subpoena or order is

5  subject to this agreement. Such notification shall include a copy of this agreement; and

6          (c) cooperate with respect to all reasonable procedures sought to be pursued by

7  the Producing Party whose Designated Material may be affected.

8      7.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

9          If a receiving party learns that, by inadvertence or otherwise, it has disclosed

10  Designated Material to any person or in any circumstance not authorized under this agreement,

11  the receiving party must immediately (a) notify in writing the Producing Party of the

12  unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

13  protected material, (c) inform the person or persons to whom unauthorized disclosures were

14  made of all the terms of this agreement, and (d) request that such person or persons execute

15  the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

16      8.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

17          PROTECTED MATERIAL

18          When a Producing Party gives notice to receiving parties that certain inadvertently

19  produced material is subject to a claim of privilege or other protection, the obligations of the

20  receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

21  provision is not intended to modify whatever procedure may be established in an e-discovery

22  order or agreement that provides for production without prior privilege review. The parties

23  agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

24      9.    NON-TERMINATION AND RETURN OF DOCUMENTS

25          Within 60 days after the termination of this action, including all appeals, each receiving

26  party must return all Designated Material to the Producing Party, including all copies, extracts

27  and summaries thereof. Alternatively, the parties may agree upon appropriate methods of

28

[PROPOSED] STIPULATED PROTECTIVE ORDER - 9
Case No. 2:18-cv-00863 RSL

LEE & HAYES, P.C.
701 Pike Street, Suite 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

1   destruction. Notwithstanding this provision, counsel are entitled to retain one archival copy of

2   all documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

3   deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

4   work product, even if such materials contain Designated Material. The confidentiality

5   obligations imposed by this agreement shall remain in effect until a Producing Party agrees

6   otherwise in writing or a court orders otherwise.

7          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

8   By: s/  Robert J. Carlson               By: s/  Erin Kolter
9   Robert J. Carlson, #18455               J. Michael Keyes, #29215
    Lee & Hayes, P.C.                       Erin Kolter, # 53365
10  701 Pike Street, Suite 1600             Dorsey & Whitney LLP
    Seattle, WA 98101                       Columbia Center
11  Telephone: (206) 315-4001               701 Fifth Avenue, Ste. 6100
    Fax: (206) 315-4004                     Seattle, WA 98104
12  Email: carlson@leehayes.com             Telephone: (206) 903-8800
                                            Emails: Keyes.Mike@Dorsey.com
13                                                Kolter.Erin@Dorsey.com
    Attorneys for Plaintiff United Command
14  International, Ltd.
                                            Attorneys for Defendants Microfun Inc.,
15                                          and Beijing Microfun Co. Ltd.

16

17         PURSUANT TO STIPULATION, IT IS SO ORDERED

18         IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of

19  any documents in this proceeding shall not, for the purposes of this proceeding or any other

20  federal or state proceeding, constitute a waiver by the Producing Party of any privilege

21  applicable to those documents, including the attorney-client privilege, attorney work-product

22  protection, or any other privilege or protection recognized by law.

23

24  DATED: Oct. 3, 2019
25

26  _____
27  ROBERT S. LASNIK
    United States District Judge

28
    [PROPOSED] STIPULATED PROTECTIVE ORDER - 10        LEE & HAYES, P.C.
    Case No. 2:18-cv-00863 RSL                         701 Pike Street, Suite 1600
                                                        Seattle, WA 98101
                                                        Telephone: (206) 315-4001 Fax: (509) 323-8979

1

## EXHIBIT A

2

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3

    I, _____ [print or type full name], of

4

_____ [print or type full address], declare under penalty

5

of perjury that I have read in its entirety and understand the Stipulated Protective Order that

6

was issued by the United States District Court for the Western District of Washington on [date]

7

in the case of *United Command International, Ltd. v. Microfun Inc.*, Case No. 2:18-cv-00963-

8

RSL. I agree to comply with and to be bound by all the terms of this Stipulated Protective

9

Order and I understand and acknowledge that failure to so comply could expose me to

10

sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose

11

in any manner any information or item that is subject to this Stipulated Protective Order to any

12

person or entity except in strict compliance with the provisions of this Order.

13

    I further agree to submit to the jurisdiction of the United States District Court for the

14

Western District of Washington for the purpose of enforcing the terms of this Stipulated

15

Protective Order, even if such enforcement proceedings occur after termination of this action.

16

Date: _____

17

City and State where sworn and signed: _____

18

Printed name: _____

19

Signature: _____

20

21

22

23

24

25

26

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER - 11
Case No. 2:18-cv-00863 RSL

LEE & HAYES, P.C.
701 Pike Street, Suite 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979